IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK'S [illegible] COURT
NORTHERN DIST. OF TX
FILED

2013 FEB 14  PM 3: 15

DEPUTY CLERK

| | | |
|---|---|---|
| LESLIE BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-210-BL |
| | § | ECF |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed November 1, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits and  for supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on June 7, 2012 (Doc. 22). Defendant filed a response on June 27, 2012 (Doc. 24).  The parties consented to having the United States magistrate judge conduct all further proceedings in this matter. This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I.   STATEMENT OF THE CASE

Plaintiff protectively filed an application for benefits on March 30, 2009, and an application for supplemental security income on March 26, 2009, alleging disability beginning September 19, 2008. Tr. 116-26. Plaintiff's application was denied initially and upon reconsideration. Tr. 77-70, 63-68. Plaintiff filed a Request for Hearing by Administrative Law Judge on September 18, 2009, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 27, 2010. Tr. 83, 33-58. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 36-54. A vocational expert ("VE") provided testimony. Tr. 55-57. The ALJ issued a decision unfavorable to Plaintiff on March 19, 2010. Tr. 16-32.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 19. The ALJ also noted that Plaintiff had acquired sufficient quarters of coverage to remain insured through June 30, 2013. *Id.* The ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since September 19, 2008. Tr. 21. The ALJ further found that Plaintiff has a "severe" combination of impairments, including: diabetes, hypertension, and degenerative changes of his lumbar and cervical spine. Tr. 21-22.

The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 22. The ALJ noted that he had considered those sections of the Listing that addressed cardiovascular, musculoskeletal, and endocrine systems. *Id.*

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent

with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 21-22.

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ discussed Plaintiff's testimony and found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms he alleged. Tr. 24. The ALJ found Plaintiff's allegation of pain were not fully supported by the medical evidence of record. Tr. 25. The ALJ noted that since the alleged onset date, Plaintiff saw his treating physician only four times, indicated that he generally felt well overall, and had generally unremarkable findings upon physical examinations. Tr. 25-26. The ALJ noted that diagnostic testing revealed "mild" degenerative changes in Plaintiff's cervical and lumbar spine, which contrasted with Plaintiff's allegations of disabling pain credible, but the objective medical evidence did not demonstrate findings consistent with disabling chest pain. Tr. 26. The ALJ indicated that he considered Plaintiff's subjective complaints, gave him the benefit of the doubt, compared them with medical evidence of record, and found that Plaintiff's impairments limited him to a range of work at the light exertional level. *Id.*

The ALJ noted that he had considered the opinion of Dr. Woodward, Plaintiff's treating physician. Tr. 26. The ALJ compared Dr. Woodward's findings upon physical examination and treatment notes with a physician's statement he completed on Plaintiff's behalf. *Id.* The ALJ found that Dr. Woodward's statement was not supported by the objective medical evidence, nor was it supported by his own examinations and treatment notes. *Id.* The ALJ therefore determined that Dr. Woodward's physician statement was not entitled to any weight with regard to Plaintiff's RFC.

Tr. 26. The ALJ discussed the weight given to the opinions of the State agency medical physicians, and ultimately concluded that Plaintiff's allegations, including his testimony, were entitled to only limited credibility. Tr. 27.

The ALJ determined that Plaintiff retained the RFC to perform a range of light work, limited to only occasional stooping or climbing of ladders, scaffolds, ropes, ramps, or stairs. Tr. 22. The ALJ addressed the functional requirements of such work, finding that Plaintiff can: lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk throughout an 8-hour work day; and otherwise perform the full range of light work. *Id.*

The ALJ found that Plaintiff was unable to perform any of his past relevant work. Tr. 22. The ALJ noted that Plaintiff was an individual "closely approaching advanced age," with a marginal education, and the ability to communicate in English. Tr. 27. The ALJ noted that transferability of job skills was not an issue in this case because of Plaintiff's age. *Id.* The ALJ noted that if Plaintiff had retained the RFC to perform a full range of light work, the Medical-Vocational Guidelines would have directed a conclusion of "not disabled." *Id.* Because of Plaintiff's limitations, the ALJ turned to the expert testimony of the VE to determine whether jobs exist in the national economy for a person of Plaintiff's age, education, work experience, and RFC. Tr. 27-28. The ALJ relied upon the testimony of the VE, who indicated that such an individual could perform the requirements of several jobs including: small products assembler I, office helper, and laboratory sample carrier. Tr. 28, 56. The VE provided that his testimony did not conflict with the *Dictionary of Occupational Titles*. Tr. 56. *Id.* The ALJ thus found that Plaintiff was not disabled. Tr. 28.

Plaintiff submitted a Request for Review of Hearing Decision/Order on June 3, 2010. Tr. 12-15. The Appeals Council denied Plaintiff's request on July 29, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded

that there was no basis for changing the ALJ's decision. Tr. 5-10. The ALJ's decision, therefore, became the final decision of the Commissioner.

On November 2, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 28.

## III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the RFC determination does not reflect the limitations imposed by Plaintiff's physical impairments. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

### A.   Whether the ALJ failed to incorporate the limitations imposed by Plaintiff's impairments into the RFC.

Plaintiff argues that the ALJ erred in making the RFC determination by failing to include all of the limitations imposed by Plaintiff's impairments. Plaintiff specifically alleges that his testimony and treatment and examining records demonstrate that he cannot sit, stand, or walk for any extended periods of time. Plaintiff also argues that Dr. Daggubati, a consultative examining physician, noted that Plaintiff was able to lift 15 pounds and could walk only two blocks. As such, Plaintiff avers that he is unable to perform work at the light exertional level and should have been found disabled. He asserts that his diabetes and hypertension are "uncontrolled."

The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.* Plaintiff argues that the ALJ failed to incorporate postural limitations into the RFC determination which adequately reflected his limitations on walking, standing, and sitting, and his uncontrolled diabetes and hypertension.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

In his opinion, the ALJ discussed Plaintiff's allegations of being unable to sit or stand for long periods of time. Tr. 23. The ALJ pointed to the records of Dr. Woodward, who indicated that

Plaintiff's diabetes was "well controlled," and his report that Plaintiff "overall feels well." Tr. 24, 320. Plaintiff was again noted to be feeling generally well, with well controlled hypotension and diabetes that was controlled by Plaintiff's diet when he was compliant. Tr. 316. Dr. Daggubati noted that Plaintiff's diabetes "is well controlled with the medications without complications of ulcers or neuropathy," and that Plaintiff's hypertension "is controlled with [] diet without any complications." Tr. 311-13.

The ALJ compared Plaintiff's subjective allegations with the objective findings of the examining physicians. *Id.* The ALJ indicated that due to the symptoms and limitations of Plaintiff's physical impairments, he was limited to a range of work at the light exertional level. The ALJ did not give Dr. Woodward's statement that Plaintiff was disabled any weight. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ noted Dr. Woodward's concurrent indication that Plaintiff may suffer from peripheral neuropathy, but pointed out that Dr. Woodward's progress notes, as well as the report of Dr. Daggubati, did not establish any limitations as a result.

Good cause to disregard the opinions of a treating physician is found where such opinions "are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). SSR 96-2p provides that a medical source statement from a treating source which is well supported by medically acceptable evidence and which is not inconsistent with other substantial evidence in the record is entitled to controlling weight. *See* SSR 96-2p. This ruling further explains:

> It is an error to give an opinion controlling weight simply because it is the opinion
> of a treating source if it is not well-supported by medically acceptable clinical and

laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.

*Id.* The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir. 1982)).

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. Tex. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The record provides substantial evidence to support the ALJ's determination to reject Dr. Woodward's non-medical opinion on an issue reserved to the Commissioner. The ALJ appropriately weighed the evidence in determining which physician's diagnosis and recommendation on limitations was most supported by the record.

The ALJ also considered Plaintiff's subjective complaints. The ALJ noted Plaintiff's testimony of being unable to stand or sit very long because his back "locks down," and the pain he experiences in his feet and chest when he walk. Tr. 23. The ALJ noted Plaintiff's report of watching television for about 6 hours a day, limited by his eyes becoming blurry, and his general reports of chronic pain. Tr. 24. However, the ALJ noted that Plaintiff's subjective reports were not consistent

with objective medical evidence and his own reports to his treating physician that he was overall feeling well. Tr. 24-26. The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The ALJ's credibility determination is supported by substantial evidence in the record, and his RFC determination reflects his appropriate weighing of the opinions of treating, examining, and State agency physicians.

In his brief, Plaintiff cites to evidence of back issues prior to his alleged onset date. However, Plaintiff also notes that he was released for normal work duties on May 18, 2007. The ALJ appropriately discussed the objective findings upon physical examination and testing. Plaintiff's additional arguments fail to demonstrate any error.

Having carefully considered the allegations of the parties, the court finds that there is substantial evidence to support the ALJ's RFC determination. The ALJ did not err in determining the limitations imposed by Plaintiff's impairments, weighing the opinions of the physicians, and considering Plaintiff's subjective allegations in formulating the RFC. The ALJ appropriately exercised his role as fact-finder in making the credibility determination. Finally, Plaintiff's argument that the ALJ erred by failing to apply Rule 201.12 of the Medical Vocational Guidelines ("the

Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "disabled," is unavailing; the ALJ appropriately found that Plaintiff retained the RFC to perform a range of work at the light, rather than sedentary, exertional level.

The court finds that the ALJ did not err and substantial evidence supports the RFC determination and the finding that Plaintiff was not disabled.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed November 2, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 14th day of February, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**